**UNITED STATES of America,**
**Appellant,**

v.

**Renee L. MUNSON, Debtor.**

**Bankruptcy No. 99–80443.**
**Adversary No. 99–4084.**

United States District Court,
C.D. Illinois,
Rock Island Division.

April 25, 2000.

Gerard A. Brost, U.S. Atty, Peoria, IL, Peter Sklarew, Lead Counsel, U.S. Dept. of Justice, Tax Division, Washington, DC, for USA, Appellant.

Joel Deutsch, Deutsch and Deutsch, Rock Island, IL, for Renee L. Munson, Appellee.

## ORDER

MIHM, District Judge.

Before the Court is an appeal filed by Creditor/Appellant, United States of America, from the Order and Opinion of Bankruptcy Judge William V. Altenberger. For the reasons stated herein, the decision of the Bankruptcy Court is REVERSED and REMANDED.

### Procedural Background

On February 16, 1999, Debtor/Appellee, Renee Munson ("Munson"), commenced this bankruptcy case by filing a petition under Chapter 13 of the Bankruptcy Code. On March 26, 1999, the United States filed a motion to modify the automatic stay to allow a setoff of a prepetition income tax overpayment for the year 1998 against a prepetition tax liability for the year 1996. The Bankruptcy Court for the Central District of Illinois, Peoria Division, entered an Opinion and Order denying the lift-stay motion. This appeal follows.

### Factual Background

Munson filed a Chapter 13 Plan on February 16, 1999. In this Plan, she listed a 1996 income tax liability owed to the Internal Revenue Service ("IRS") as a non-secured priority claim in the total amount of $4,808.45, of which $4,770.54 is entitled to a priority. Munson then filed her 1998 federal income tax return, claiming a refund of $2,528.00. In her bankruptcy filings, she listed an estimated income tax refund of $2,730.00 as fully exempt; she claimed $2,160.00 of her refund to be exempt under 735 ILCS 5/12–1001(g) as earned income tax credit and the remainder of her refund to be exempt under 735 ILCS 5/12–1001(c), the Illinois wildcard exemption. The Plan was confirmed on March 25, 1999.

On March 26, 1999, the United States filed a motion to lift stay and for setoff in accordance with 11 U.S.C. § 553. In this motion, the United States argued that it had a right to apply the 1998 income tax overpayment to Munson's 1996 tax obligations. Munson opposed this motion, asserting that her claim that the property was exempt under state law precluded the IRS from exercising its right to setoff under § 553. On April 16, 1999, the IRS filed a timely proof of claim in the amount of $4,899.66, of which $2,528.00 was claimed as secured by the right of setoff ·against the 1998 income tax overpayment.

The ·Bankruptcy Court denied the United States' motion, holding that although Munson's "claim of exemption would not bar the IRS' right to setoff [her] tax refund against [her] 1996 income taxes," the IRS' failure to timely object to Munson's claimed exemption eliminated its right to do so even if there were "no colorable basis for claiming the exemption." (August 20, 1999, Opinion at 3.) The Bankruptcy Court then went on to find that "a confirmed plan binds all creditors and it does not include setoff as an exception to the effects of confirmation." *Id.* at 5. Thus, the IRS was held to be bound by the terms of Munson's Plan providing for payment of its claim over the life of the Plan. *Id.* at 7.

### Discussion

■ This Court has jurisdiction to review the decision of the Bankruptcy Judge pursuant to 28 U.S.C. § 158(a). District courts are to apply a dual standard of review when considering a bankruptcy appeal. The findings of fact of the Bankruptcy Judge are reviewed for clear error, while the conclusions of law are reviewed *de novo. In re Yonikus,* 996 F.2d 866, 868 (7th Cir.1993); *In re Ebbler Furniture and Appliances, Inc.,* 804 F.2d 87, 89 (7th Cir.1986); *see also,* Bankruptcy Rule 8013 (West 1995).

On appeal, the United States contends that the Bankruptcy Court erred as a matter of law in holding that the confirmation of Munson's Chapter 13 Plan eliminated its right to setoff a prepetition tax overpayment against Munson's prepetition tax liability because the IRS failed to make any timely objection to the terms of the Plan. Specifically, the United States argues that § 553 of the Bankruptcy Code prohibits interference with a right of setoff by any other provision of the Code except under expressly circumscribed conditions not present in this case.

Section 553(a) of the Bankruptcy Code provides in relevant part that Title 11 of the Code "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a). In other words, § 553(a) provides that "any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code." *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995).

Here, the mutuality and timing of the debts/claims are not in dispute. The IRS' claim that it may setoff its claim against Munson's 1998 income tax refund derives from § 6402 of the Internal Revenue Code, which provides:

> In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment. . . .

26 U.S.C. § 6402(a). Thus, the United States has met the requirements necessary to establish its right to setoff. The question before this Court is whether § 553(a) makes this right to setoff virtually invincible or whether the right to setoff can be extinguished by the confirmation of Munson's Chapter 13 Plan, as a confirmed plan is binding on a creditor when that creditor fails to object to the plan's confirmation. 11 U.S.C. § 1327(a).

There is a split among the circuits addressing this or similar issues, and the Seventh Circuit has not yet voiced its opinion on the "plan vs. setoff" debate. The Third Circuit has concluded that "the right of a creditor to set-off in a bankruptcy reorganization proceeding must be duly exercised in the bankruptcy court before the plan of reorganization is confirmed; the failure to do so extinguishes the claim." *In re Continental Airlines*, 134 F.3d 536, 542 (3rd Cir.1998); *United States v. Norton*, 717 F.2d 767, 774 (3rd Cir.1983). Conversely, in what is characterized as the "majority" view, the Ninth, Fourth, and Tenth Circuits have held that the plain language of § 553 takes precedence over any other provision of the Code and preserves a creditor's preexisting right to setoff despite confirmation or discharge. *In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1276–77 (9th Cir.1992); *In re Deutchman*, 192 F.3d 457, 460–61 (4th Cir.1999); *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir.1990).

The Bankruptcy Court considered cases on both sides of this debate before adopting the minority position favored by the Third Circuit in *Continental Airlines* and *Norton*. In so holding, the Bankruptcy Court focused on the fact that the IRS received timely and adequate notice of the treatment of its claim under Munson's proposed plan, which provided for full payment of her back taxes over a period of time, but nevertheless failed to either object to the terms of the plan or appear and request the continuation of all proceedings until Munson's tax liability and overpayment could be conclusively determined. The failure of the IRS to timely exercise its right to setoff was found to be fatal. This Court respectfully disagrees.

Although the Seventh Circuit has not specifically addressed this issue, it has addressed related questions that provide some insight into how it might rule if squarely presented with the "plan vs. setoff" issue. The Court of Appeals has expressly recognized that § 553(a) preserves the common law right to setoff and held that "[w]hatever equitable discretion the bankruptcy courts may enjoy when considering the right of setoff, it does not extend to the blanket abolition of the right for whole classes of creditors." *United States v. Maxwell*, 157 F.3d 1099, 1102 (7th Cir. 1998).[1] The Seventh Circuit has also rejected the notion that a validly confirmed Chapter 13 plan should be accorded res judicata effect over any subsequently discovered errors, suggesting limits to the invincibility of a confirmed plan. *In re Escobedo*, 28 F.3d 34, 35 (7th Cir.1994). Finally, in *Pettibone Corp. v. United States*, the Seventh Circuit indicated that the setting off of tax overpayments with tax underpayments where the debtor is a corporation was not a "setoff" of the kind contemplated by the Bankruptcy Code, but rather an accounting method prescribed by the Internal Revenue Code. 34 F.3d 536, 538 (7th Cir.1994).

Assuming that the netting of overpayments against underpayments where the debtor is an individual is a "setoff" within the meaning of the Bankruptcy Code, the Court finds the reasoning and logic of the *DeLaurentiis* line of cases to be more persuasive and consistent with existing Seventh Circuit case law. The plain language of § 553 states that, except for certain exceptions that are inapposite here, *"this title* does not affect any right of a creditor to offset a mutual debt ..." (emphasis added.) Section 1327, which establishes the effect of the confirmation of a

Chapter 13 plan, is necessarily included in "this title." *DeLaurentiis*, 963 F.2d at 1276–77; *In re Pettibone Corp.*, 161 B.R. 960, 964 (N.D.Ill.1993); *In re Womack*, 188 B.R. 259, 262 (Bankr.E.D.Ark.1995); *In re Warwick*, 179 B.R. 582, 584–85 (Bankr. W.D.Ark.1995); *In re Olson*, 175 B.R. 30 (Bankr.D.Neb.1994); *In re Whitaker*, 173 B.R. 359 (Bankr.S.D.Ohio 1994). Thus, giving precedence to § 1327 would ignore and render meaningless the plain language of § 553.[2]

 Furthermore, allowing Munson to retain her refund will result in a windfall to her without any additional benefit to her creditors. This result would be particularly egregious under the facts of this case, where Munson filed her tax return only days before the confirmation hearing and the deadline for filing proofs of claims had not yet expired at the time of confirmation. *See In re Sedlock*, 219 B.R. 207, 210 (Bankr.N.D.Ohio 1998), *citing DeLaurentiis*, 963 F.2d at 1277 ("When confirmation occurs before the deadline to file proof of claims, confirmation cannot terminate the rights of creditors.") Although this result may initially appear to be somewhat inequitable:

> The rule allowing setoff, both before and after bankruptcy, is not one that courts are free to ignore when they think application would be "unjust." It is a rule that has been embodied in every bankruptcy act that the nation has had, and creditors ... have long acted in reliance upon it. A creditor will not be required to object to confirmation of a plan, then to bargain with the debtor for language allowing setoff be inserted therein, when such right to setoff existed prepetition and is preserved by § 553(a). That the IRS in this case did not object to the

---

1. The *Maxwell* decision noted that there may be certain grounds justifying the denial of the United States' right to setoff in a particular case, such as "fraud, collusion, and the like." However, there is nothing in the record suggesting that any of these grounds are presented by the case now before the Court.

2. The Court would note that if Congress intended to depart from the common law by allowing section 1327 to predominate over section 553, it could have explicitly expressed that intent.

content of the Debtors' plan of reorganization is, therefore, inconsequential. *In re Whitaker,* 173 B.R. at 362, *citing In re Applied Logic Corp.,* 576 F.2d 952, 957–58 (2nd Cir.1978). Accordingly, the Court finds that the confirmation of a Chapter 13 plan does not alter or extinguish a creditor's right to setoff, and the Bankruptcy Court's contrary conclusion was in error.

### Conclusion

For the reasons stated herein, the Order of the Bankruptcy Court is REVERSED AND REMANDED for such further proceedings as may be necessary as a result of this ruling, and this matter is now terminated.