**In re Michael Paul HAIZLETT and Barbara Jo Haizlett, Debtors.**

**Michael Paul Haizlett and Barbara Jo Haizlett, Movants,**

**v.**

**United States of America, Internal Revenue Service, Respondent.**

**Bankruptcy No. 99–10502.**

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 28, 2000.

Paul W. Johnson, New Castle, PA, for debtor.

D. Brian Simpson, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for creditor.

## MEMORANDUM

WARREN W. BENTZ, Bankruptcy Judge.

Michael Paul Haizlett and Barbara Jo Haizlett ("Debtors") filed a voluntary Peti-tion under Chapter 7 of the Bankruptcy Code on March 30, 1999 ("Filing Date"). As of the Filing Date, Debtors were obli-gated to the United States of America, Internal Revenue Service ("IRS") for in-come tax obligations for tax years 1991 (approximately $813) and 1994 (approxi-mately 5,330). At the same time, Debtors were entitled to an income tax refund of $4,446 for tax year 1998 (the "Refund"). Debtors listed the Refund as an asset and claimed it as exempt on Schedule C. No objections to the Debtors' exemptions were filed.

On July 14, 1999, Debtors filed a Com-plaint at Adversary No. 99–1078 in which they sought a determination that their in-come tax obligations for tax years 1991 and 1994 were dischargeable. The IRS filed a consent and by Order dated August 24, 1999, it was determined that Debtors' income tax obligations for 1991 and 1994 were dischargeable. Debtors were grant-ed a discharge on January 10, 2000.

Subsequent to the entry of the discharge order, the IRS set off the Debtors' Refund and applied it to the Debtors' 1991 and 1994 income tax obligations. The IRS had filed a lien in the office of the Prothonota-ry of Mercer County, Pennsylvania, for 1991 taxes in the amount of $830. It did not file a lien for the 1994 taxes. The within Motion to Enforce Discharge Order was filed on June 15, 2000.

### Discussion

■ Debtors assert that their 1998 fed-eral income tax refund constitutes a post-petition asset because Debtors did not file their 1998 income tax return until approxi-mately four months after their Chapter 7 Petition was filed on March 30, 1999. Debtors assert that the IRS did not be-come obligated to pay the Debtors a tax refund until the Debtors had filed their tax return and, since Debtors did not file their

tax return until after they filed their bankruptcy Petition, there was no prepetition debt (1998 income tax refund) that the IRS owed Debtors which could be setoff against Debtors' prepetition tax liabilities. In support of this position, Debtors direct our attention to *In re Glenn*, 198 B.R. 106 (Bankr.E.D.Pa.1996). The case relied upon by the Debtors was reversed by the District Court. *In re Glenn*, 207 B.R. 418 (E.D.Pa.1997). The District Court noted that "the vast majority of courts to consider this issue have held that a taxpayer's interest in a tax refund arises at the end of the taxable year." *Glenn*, 207 B.R. at 420. The *Glenn* court set forth a bright-line test:

> Finally, today's ruling establishes a bright-line test which can be easily applied. For the purposes of § 553 setoff, a tax refund arises at the end of the taxable year to which it relates, and not when the right of refund is claimed by the debtor/taxpayer. *In re Rozel*, 120 B.R. at 951. This rule prevents a debtor from changing his right to a tax refund into a post-petition claim merely by filing his federal income tax return after the filing of the bankruptcy case. (footnote omitted)

*Id.* at 422.

■■■ "The right of setoff...allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995) *quoting Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528, 33 S.Ct. 806, 808, 57 L.Ed. 1313 (1913). "Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." *Citizens Bank of Maryland*

*v. Strumpf*, 516 U.S. at 18, 116 S.Ct. at 289. "In other words, § 553(a) provides that 'any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code.'" *United States v. Munson*, 248 B.R. 343, 345 (C.D.Il.2000) *quoting Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995).

■■■ Section 506 makes a creditor with a right of setoff a secured creditor to the extent that it has a setoff right. The claims of secured creditors are normally not affected by a bankruptcy proceeding. The Court of Appeals for the Fourth, Ninth and Tenth Circuits conclude that language of § 553 takes precedence over any other provision of the Bankruptcy Code and preserves a creditor's right to setoff despite confirmation or discharge. *In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269 (9th Cir.1992); *In re Deutchman*, 192 F.3d 457 (4th Cir.1999); *In re Davidovich*, 901 F.2d 1533 (10th Cir.1990).

Accordingly, the IRS may offset the balance due for the Debtors' 1991 and 1994 tax liability from the Refund. Since the right of the IRS to make the setoff is based on its possessory lien, the filing of a notice of lien in the office of the Prothonotary, or the failure to file such lien, is not relevant. An appropriate Order will be entered.

## ORDER

This 28 day of December, in accordance with the accompanying Memorandum, it shall be, and hereby is, ORDERED that the United States of America, Internal Revenue Service may set off the refund claimed by Debtors on their 1998 income

tax return against Debtors' outstanding tax liabilities for 1991 and 1994.