**In re Richard O. BARE and Carol Bare, Debtors.**

**No. 02 B 03767.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Nov. 12, 2002.

Mayer Y. Silber, Special Assistant United States Attorney, Chicago, IL, Craig K. Weaver, United States Dept. of Justice, Tax Division, Washington, DC, for movant.

Joseph Wrobel, Jeana Kim, Joseph Wrobel, Ltd., Chicago, IL, for respondents.

Marilyn O. Marshall, Chicago, IL, Chapter 13 Trustee.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of the United States of America, Department of the Treasury, Internal Revenue Service (the "IRS") to lift the automatic stay pursuant to 11 U.S.C. § 362(d) to allow it to apply Richard O. Bare and Carol Bare's (the "Debtors") 2001 income tax overpayment against their pre-petition tax liabilities. For the reasons set forth below, the Court hereby grants the motion to lift the automatic stay to allow the IRS to apply the Debtors' 2001 income tax overpayment against their pre-petition tax liabilities.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

### II. FACTS AND BACKGROUND

The Debtors filed a Chapter 13 bankruptcy petition on January 30, 2002. The IRS was listed as an unsecured priority creditor by virtue of the Debtors' unpaid income tax liability for the years 1993 and 1995. The Debtors' Schedule E listed a federal tax liability as a priority claim in the amount of $1,031.00. On February 25, 2002, the Debtors filed their 2001 tax return, claiming a refund due. The IRS has determined that there is a $3,742.00 overpayment available in the Debtors' account for that year. The Debtors did not indicate that they were owed any tax refund in their schedules. The Debtors filed a modified plan on April 10, 2002, in which they continued to treat the tax liability as a priority claim, and provided no indication of the overpayment.

The Court confirmed the Debtors' amended plan on April 24, 2002 without objection by the IRS. Neither the original nor the modified plan made any specific reference to the priority tax claim of the IRS. Both plan iterations merely employed the Court's model plan format language in section E.6, which provides: *"Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of

all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $1,031...."

It is significant that the model plan format language only provides for pro rata treatment of allowed priority claims to be paid in full on an estimated basis. Thus, no definitive fixing of the correct final amount of such claim is made under the model plan format. Moreover, the confirmation order entered by the Court only confirmed the plan iteration at bar and provided that the Debtors were to pay the trustee $600.00 per month for 48 months, up to a maximum of 60 months, so that all allowed unsecured general claims without priority would be paid a 10% dividend.

On May 29, 2002, the IRS filed the instant motion to lift the automatic stay to apply the overpayment to the Debtors' pre-petition income tax liability, which the IRS asserts to exceed $3,000.00. In conjunction with its motion to lift the automatic stay the IRS filed a second proof of claim on July 9, 2002, in the amount of $3,110.21 plus interest and penalties, claiming security in the 2001 tax overpayment by Debtors, which the IRS seeks to setoff and apply to the unpaid tax claims for tax years 1993 and 1995.

The Debtors object to the IRS' motion and assert that the right to setoff was lost by the IRS because it waited until after confirmation. The Debtors argue, alternatively, that the setoff right should be limited to the amount of the scheduled claim, as referenced in the confirmed plan, thereby binding the IRS, which did not object to its treatment prior to confirmation under the provisions of the confirmed plan.

## III. DISCUSSION

**A. Did the IRS' setoff rights survive confirmation of the Debtors' Chapter 13 plan in light of 11 U.S.C. § 553?**

■ The IRS mounts a three-point argument in support of its right to exercise a setoff after confirmation of the Debtors' Chapter 13 plan. First, the application of a tax overpayment to reduce prepetition debts to the IRS is not a setoff within the meaning of the Bankruptcy Code, but instead a netting, permitted under the Internal Revenue Code § 6402, and under *In re Midway Indus. Contractors, Inc.*, 178 B.R. 734, 737 (N.D.Ill.1995), *citing Pettibone Corp. v. United States*, 34 F.3d 536, 539 (7th Cir.1994). Second, if the above-referenced application were a setoff, the IRS' setoff rights are preserved by 11 U.S.C. § 553, which provides that, with limited exceptions, Title 11 does not extinguish the right of setoff, as noted in *United States v. Munson*, 248 B.R. 343 (C.D.Ill. 2000). And third, IRS setoffs are protected by sovereign immunity and other special government rights. In light of the Court's finding on the question of preservation of setoff rights in this case under § 553, it need not rule on the IRS' arguments pertaining to the issues of netting and sovereign immunity.

■ Indeed, the IRS' most compelling argument is that its right of setoff is not controlled by the Debtor's confirmed plan. The longstanding common law right of setoff enables a creditor to offset debt owed to a debtor as long as there is mutuality between the parties. *Soo Line R. Co. v. Escanaba & Lake Superior R. Co.*, 840 F.2d 546, 551 (7th Cir.1988). "The Bankruptcy Code neither expands nor constricts the common law right of setoff. Rather, it preserves, with exceptions not relevant here, whatever right exists outside bankruptcy." *United States v. Maxwell*, 157 F.3d 1099, 1102 (7th Cir.1998), *citing Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995), and *In re Bennett Funding Group, Inc.*, 146 F.3d 136, 138–39

(2d Cir.1998). The IRS submits that § 553's language preserving a creditor's right of setoff (specifically, "this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor ... against a claim of such creditor against the debtor"), takes precedence over §§ 1327 and 1141, which establish that confirmation binds all creditors and discharges pre-petition debts, vesting all property of the estate in the debtor. 11 U.S.C. § 1327; 11 U.S.C. § 1141; 11 U.S.C. § 553(a). The proper reconciliation of these provisions, dubbed by some courts as a "plan v. setoff" debate, is undecided in this circuit, and each side finds ample support for its position in the case law.

The Debtor relies on the holding in *In re Continental Airlines*, 134 F.3d 536 (3d Cir.1998), *cert. denied sub nom.*, 525 U.S. 929, 119 S.Ct. 336, 142 L.Ed.2d 277 (1998), where the Third Circuit held that confirmation of the debtor's Chapter 11 plan extinguished the government's right of setoff. The *Continental Airlines* court reaffirmed its earlier holding in *United States v. Norton*, 717 F.2d 767 (3d Cir.1983)(setoff is not permitted after confirmation), ruling: "We recognize that a right of setoff is preserved under § 553 in a bankruptcy proceeding but we believe that the right must be exercised by the creditor in timely fashion and appropriately asserted in accordance with other provisions of the Bankruptcy Code." *Continental Airlines*, 134 F.3d at 541. The *Continental Airlines* court's analysis focused chiefly on the fact that the IRS did not claim its setoff right prior to confirmation: "we are not persuaded by the cases relied on by the Government that § 1141 may be disregarded when a set-off is asserted ... the right of a creditor to set-off in a bankruptcy reorganization proceeding must be duly exercised in the bankruptcy court before the plan of reorganization is confirmed." *Id.* at 541–42. The *Continental Airlines* court

reasoned that a holding favoring setoff rights could undermine the objectives of the Bankruptcy Code, first in treating an unsecured claim as secured to the disadvantage of other general creditors, and second by potentially disrupting the confirmed plan and protracting the bankruptcy proceedings. *Id.* at 541.

There is a split among the circuits on this issue, and the IRS cited to *In re De Laurentiis Entertainment Group Inc.*, 963 F.2d 1269 (9th Cir.1992), *cert. denied*, 506 U.S. 918, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992), where the Ninth Circuit ruled that a right of setoff survives even if the claimant fails to file an objection prior to plan confirmation. The *De Laurentiis* court ascribed supremacy to the language and structure of § 553, as well as the precedence given the setoff provision under the Bankruptcy Act, and found that "[the language of § 553] seems intended to control notwithstanding any other provision of the Bankruptcy Code. To give section 1141 precedence would be to ignore this language." *Id.* at 1276–1277. It noted that if the other provisions were interpreted to take precedence over § 553, setoffs would be allowed in bankruptcy only if they were included in a plan of reorganization, and such a result would render § 553 superfluous since a setoff could be added to a reorganization plan even without § 553. *Id.* at 1277. The *De Laurentiis* court also reviewed equitable considerations, noting that if not for the right of setoff, some creditors would find themselves in the unenviable position of having to pay their debts to the debtor in full, but only receiving a small fraction of the money owed to them by the debtor. *Id.*

Similarly, in *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir.1990), the Tenth Circuit reasoned that a creditor's right to setoff is a universally recognized right grounded in principles of fairness. On this

basis it declined to adopt a posture that would unfairly "deny a creditor the right to recover an established obligation while requiring the creditor to fully satisfy a debt to a debtor." *Id.* It thus concluded that the filing of a proof of claim is not a prerequisite to asserting setoff rights, and further that a discharged debt may be setoff upon compliance with § 553. *Id.* The Central District of Illinois favored § 553 as well, in *United States v. Munson,* 248 B.R. 343, 346 (C.D.Ill.2000), where it was compelled by the tenor of the Seven Circuit's analysis of setoff rights in bankruptcy generally, along with equitable considerations and the strength of the majority line of opinions.

The Court follows *Munson* in adopting the majority approach to this issue. The clear ambit of § 553 does not lend itself to the *Continental Airlines* holding, which seizes upon the government's failure to object to the plan, to the detriment of a plain reading of the statute. Section 553 provides that "this title does not affect any right of a creditor to offset a mutual debt", and the words "this title" necessarily implicate § 1327 and § 1141. 11 U.S.C. § 553(a). Because § 1327 and § 1141 are thus restrained from facilitating the elimination of setoff rights, the IRS' failure to enter an objection must bear no relevance to the Court's determination of their setoff rights after confirmation. This conclusion is especially applicable here, as the confirmed plan's terms only referenced the Debtors' estimate of the allowed property claims. The Court made no independent adjudication of the IRS' allowed claim at the time of confirmation, and the confirmation order merely tracked the statutory requirement of 11 U.S.C. § 1322(a)(2) to provide for full payment in deferred cash payments of all claims entitled to priority under § 507, unless the holder agrees to a different treatment of such claim. No such agreement was made by the IRS, and

the Court will not infer such an agreement based on the IRS' failure to object to the modified plan prior to confirmation, in as much as the IRS was not merely an unsecured priority creditor, owed the unpaid 1993 and 1995 income taxes from the Debtors, but was a secured claimant by virtue of the 2001 tax overpayment by the Debtors. The Debtors did not schedule the overpayment as an asset, and secured claimants are not subject to the time limits imposed upon unsecured creditors under Federal Rule of Bankruptcy Procedure 3002(c)(1). Indeed, secured creditors are not subject to the time limits of the Rule and may file their claims at any time or opt not to file any claim if they do not seek payment from the trustee on their allowed secured claims.

Moreover, the Court concurs with the *Munson* court's impression that while the Seventh Circuit has not addressed the immediate issue, its approach toward related issues suggests a deep reservation against bankruptcy court interference with setoff rights. The Seventh Circuit has held that "[w]hatever equitable discretion the bankruptcy courts may enjoy when considering the right of setoff, it does not extend to the blanket abolition of the right for whole classes of creditors." *Maxwell,* 157 F.3d at 1102. In another case it admonished: "as Judge Friendly has reminded us 'the rule allowing setoff, both before and after bankruptcy, is not one that courts are free to ignore when they think application would be unjust.' " *In re Elcona Homes Corp.,* 863 F.2d 483, 488 (7th Cir.1988), *citing In re Applied Logic Corp.,* 576 F.2d 952, 957 (2d Cir.1978). Such language does not invite a diminutive interpretation of § 553. Accordingly, this Court finds that, pursuant to § 553, and subject to the limited exceptions contained within that provision, confirmation of a debtor's plan of reorganization does not extinguish pre-

petition setoff rights, especially of secured creditors where the plan does not specifically treat those setoff rights, irrespective of whether any given holder of the right fails to assert it prior to confirmation.

**B. Is the IRS barred from pursuing its setoff rights after confirmation of the Debtors' Chapter 13 plan under the doctrine of res judicata?**

 Finally, as the IRS points out, Seventh Circuit precedent suggests that the principles of res judicata do not apply to any provision of a confirmation order that fails to comply with the Bankruptcy Code. Pursuant to the doctrine of res judicata, a party must prove three elements: (1) an identity of parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits. *Andersen v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir.1996), *citing Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir.1996). Res judicata bars not only matters determined in a prior suit, but matters which could have been determined in that suit but were not raised. *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir.1995). The doctrine does not bar litigation of an issue when a party did not have a full and fair opportunity to litigate the issue in the original case. The party invoking res judicata bears the burden of proving its applicability. *Rooding v. Peters*, 92 F.3d 578, 580 (7th Cir.1996) (citing Illinois law).

According to the Bankruptcy Code, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan." 11 U.S.C. § 1327(a). Section 1327(a) thus creates a res judicata effect that prevents bankruptcy courts from reconsidering matters that were disposed of by a confirmed plan. *Strong v. I.R.S.*, 203 B.R. 105, 113 (Bankr.

N.D.Ill.1996). The Seventh Circuit has instructed that, "[a]s a general rule the failure to raise an objection at the confirmation hearing or to appeal from the order of confirmation should preclude attack on the plan or any provision therein as illegal in a subsequent proceeding." *In re Chappell*, 984 F.2d 775, 782 (7th Cir.1993) (internal quotation marks omitted). The Seventh Circuit has aimed firmly towards preserving finality in this context, opting, for example, "not to follow those cases allowing post-confirmation objections to proofs of claims to be filed even though the proof of claim itself was filed sufficiently in advance of the confirmation hearing." *Adair v. Sherman*, 230 F.3d 890, 895 (7th Cir.2000).

 In *In re Escobedo*, 28 F.3d 34 (7th Cir.1994), however, the Seventh Circuit considered specifically the status of a validly confirmed plan that failed to provide for the full payment of priority claims mandated by 11 U.S.C. § 1322(a)(2). It noted that under 11 U.S.C. § 1325(a)(1), "[a] bankruptcy court lacks the authority to confirm any plan unless it complies with the provision of this chapter and with the other applicable provisions of this title." *Id.* at 35. Escobedo held that in light of the plan's failure to comply with mandatory requirements, the confirmation was invalid in that respect and therefore had "no res judicata effect as to the omitted priority claims." *Id.* Under *Escobedo*, then, the Court finds that it is not constrained by § 1327(a) or the doctrine of res judicata in revisiting the Debtors' confirmed plan for the limited purpose of ruling on any provisions of the plan that prove to be invalid under the Bankruptcy Code. *See also In re Puckett*, 193 B.R. 842, 849–850 (Bankr. N.D.Ill.1996) (examining *Escobedo*).

**IV. CONCLUSION**

For the foregoing reasons, the IRS' motion to lift the automatic stay is granted.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

### ORDER

For the reasons set forth in a Memorandum Opinion dated the 12th day of November, 2002, the Courts grants the motion of the United States of America, Department of the Treasury, Internal Revenue Service to lift the automatic stay under 11 U.S.C. § 362 to allow it to apply the Debtors' 2001 income tax overpayment against their prepetition tax liability.