48 F.3d 1226
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Desmond V. VAN ZEE; Patricia E. Van Zee, Debtors-Appellants,
v.
HAND COUNTY, Claimant-Appellee.
 No. 94-2761
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 17, 1995.
Filed: Mar. 8, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Desmond and Patricia Van Zee appeal from an order of the district court[1] affirming the bankruptcy court,[2] which had refused to discharge certain pre-petition tax liens on real property. Before the confirmation of their Chapter 12 reorganization plan, Hand County had filed a proof of claim for back taxes on real property totalling $18,225.27. The debtors subsequently stated in their plan that an undersecured claim was "subordinate to the claim ... of Hand County for taxes in the amount of $16,617.77." The plan also provided for annual payments by debtors with interest on the county's "priority claim" of $6,800.75. Although Hand County had not objected when the plan was confirmed in 1988, it moved both to dismiss the debtors' case and for relief from the automatic stay when the Van Zees sought discharge in 1993. The bankruptcy court denied the county's motion, but concluded that its liens would survive discharge. The district court affirmed.
 
 
 2
 The debtors argue that the county tax liens are dischargeable because the back taxes were included in the confirmed Chapter 12 plan. The problem with this position is that the tax liens were not provided for in the plan. Pre-petition liens are secured claims, not priority claims. The plan referred to the debtors' tax liability as a priority claim; the liens themselves were never mentioned.
 
 
 3
 Had Hand County never filed a proof of claim, the law is clear that the liens would have survived the bankruptcy. See 11 U.S.C. Sec. 506(d); In re Tarnow, 749 F.2d 464, 465 (7th Cir. 1984). There is no indication that the county intended to diminish the value of the underlying liens. The liens are secured claims against property, as opposed to the priority claim asserted against the debtors themselves.
 
 
 4
 After carefully reviewing the record, we affirm the district court.
 
 
 
 [1]
 The Honorable John B. Jones, United States District Judge for the District of South Dakota
 
 
 [2]
 The Honorable Irvin N. Hoyt, Chief United States Bankruptcy Judge for the District of South Dakota