In re BE–MAC TRANSPORT
COMPANY, INC., Debtor.

FEDERAL DEPOSIT INSURANCE COR-
PORATION as Receiver for the Met-
ro North State Bank, Appellant,

v.

BE–MAC TRANSPORT COMPANY,
INC., Appellee.

Nos. 4:95CV00070 GFG,
4:95CV00385 GFG.

United States District Court,
E.D. Missouri,
Eastern Division.

June 27, 1995.

Peter M. Hamilton and Robert P. Sass,
Sr., LaTourette and Schlueter, St. Louis,
MO, for Be–Mac Transport Co., Inc., Unse-
cured Creditors Committee, Reorganized
Debtor and Plan Committee for Be–Mac
Transport Co., Inc.

Craig N. Schmid, White and Ovletrea, St.
Louis, MO, for F.D.I.C.

Jan Bond, Diekemper and Hammond, St.
Louis, MO, for Union Entities.

Steven W. LaBounty, I.R.S., Dist. Coun-
sel's Office, and Carol Ann Robinson, Clerk,
U.S. Bankruptcy Court, St. Louis, MO, for
Leonora S. Long.

Steven Goldstein, Goldstein and Vouga, St.
Louis, MO, for Congress Financial.

### *MEMORANDUM*

GUNN, District Judge.

This matter is before the Court on a con-
solidated appeal from two orders entered by
the United States Bankruptcy Court for the
Eastern District of Missouri.

Certain facts are not disputed. This ap-
peal involves the Chapter 11 case of Be–Mac
Transport Company, Incorporated (Be–Mac
or debtor), which was filed during January of
1993. On June 18, 1993, the Federal Deposit
Insurance Corporation (FDIC), as receiver
for Metro North State Bank, timely filed its
original bankruptcy proof of claim; the
FDIC claimed that Be–Mac owed it a se-
cured amount of $1,793,280.22 and an unse-
cured amount of $623,533.08. (R.[1] at 12–
167.) On November 22, 1993, the FDIC filed
an amended proof of claim which indicated
the FDIC had been paid the secured portion

---

**1.** Because the Court is unable to cite page num-
bers for the Record on Appeal as filed, the Court
will cite the Record on Appeal using the page
numbers contained in the Designated Record
compiled by appellees.

of its claim but was still owed an amended unsecured portion amounting to $1,080,-940.78. (R. at 168–71.)

During October of 1994, the debtor and a committee of unsecured creditors (the Plan Committee) jointly filed a first amended disclosure statement and joint liquidating plan of reorganization (the "Plan"). (R. at 300–63; 364–83; 384–93.) The plan extinguished any liens which the FDIC may have held against the debtor's assets and treated the FDIC as an unsecured creditor. (R. at 390.) On November 24, 1994, the FDIC filed a motion to amend its first amended proof of claim in order to claim secured status for the amounts owed. (R. at 168–78.) On December 5, the bankruptcy court heard argument on the FDIC's motion but denied it in an order dated December 8. (Tr. Dec. 5 1994 Hr'g at 1–13; R. at 211–218.) On December 9, the FDIC filed a motion for reconsideration. (R. at 211–18.)

On December 14, 1995, the bankruptcy court held two hearings: one on the FDIC's motion for reconsideration and one on confirmation of the proposed Plan. (Tr. Dec. 14 1994 Hr'g at 1–98.) The court denied the FDIC's motion and indicated its approval of the Plan. *Id.* at 59, 88. The FDIC filed objections to the Plan. (Supp.R. at 36.) The bankruptcy court issued an order confirming the Plan on January 13, 1995. (Supp.R.[2] at 1.) The FDIC timely appealed the bankruptcy court's decisions denying its motion for reconsideration and confirming the Plan. This Court consolidated the cases and both appeals are now pending before the Court.

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). The bankruptcy court's legal conclusions are reviewed de novo while its factual findings are reviewed under the clearly erroneous standard. *Kubicik v. Apex Oil Co. (In re Apex Oil Co.),* 884 F.2d 343, 348 (8th Cir.1989). "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankr.R. 8013.

The bankruptcy court's reason for denying the FDIC's motion for leave to file an amended proof of claim is clear: tardiness. In the hearing held by the bankruptcy court on December 5, 1994, the court explained:

> My normal inclination on this kind of case is to go ahead and grant the motion, allow the late filing.... The problem I have, though, in this one is that I think that the FDIC waited just too long. We're only a couple of weeks from confirmation. There's no doubt that everybody in the case has relied on what they thought the FDIC claim was and they pursued it in that fashion. I think it was detrimental reliance. It certainly has a negative impact on the creditors. And for those reasons ... I'm going to go ahead and deny the request to file or amend this claim.

(Tr. Dec. 5 1994 Hr'g at 12–13.)

The bankruptcy court subsequently confirmed a plan for reorganization which extinguishes any security interest claimed by the FDIC. (R. at 390.) In its confirmation order, the bankruptcy court stated that: "The FDIC's disagreement with this Court's ruling regarding a tardy effort to file a claim does not constitute grounds for denial of confirmation." (Supp.R. at 3.)

Appellant argues that its secured claim should not have been extinguished simply because it failed to file a timely amended proof of claim. The Court agrees. Under the plain language of 11 U.S.C. § 506(d)(2), a lien survives bankruptcy proceedings if the only reason that it is not an allowed claim can be attributed to the failure of an entity to file a proof of such claim. In *In re Tarnow,* the Seventh Circuit interpreted this statute as contemplating the disallowance of a claim only for reasons relating to the claim's validity and not because proof of the claim was not filed in a timely manner. 749 F.2d 464, 466–67 (7th Cir.1984) (holding that a creditor's lien survived bankruptcy even though the creditor's proof of a claim was rejected by the bankruptcy court as untimely).

**2.** The Court here cites the Record on Appeal filed by appellees relating to the FDIC's appeal of the bankruptcy court's decision to confirm the Plan.

This Court agrees with and adopts the reasoning of the *Tarnow* court[3] and holds that 11 U.S.C. § 506(d)(2) prevents a bankruptcy court from disallowing a claim and extinguishing a lien for a party's failure to file a timely claim. *See Foremost Fin. Servs. Corp. v. White (In re White),* 908 F.2d 691, 692 (11th Cir.1990); *LMS Holding Co. v. United States (In re LMS Holding Co.),* 153 B.R. 581, 585 (Bankr.N.D.Okla.1993); *cf. Bisch v. United States (In re Bisch),* 159 B.R. 546, 549 (9th Cir. BAP 1993); *United States v. Vancardo (In re Vancardo),* 182 B.R. 543, 544 (E.D.Mo.1995); *United States v. Brown (In re Sapp),* 98 B.R. 481, 483–84 (W.D.Mo.1989). Accordingly, this Court finds that the bankruptcy court committed reversible error when it extinguished the FDIC's lien for failure to file a timely proof of its claim. The Court will reverse the bankruptcy court's decisions challenged in this appeal and remand for further proceedings.

While appellees emphasized below the prejudicial effect of the FDIC's late filing in light of all the work accomplished towards the confirmation of a reorganization plan, the Record on Appeal is replete with evidence that the debtor and creditors knew early on of problems with the FDIC's proofs of claim and of its status as a secured party. This Court is not endorsing the apparent carelessness of the FDIC and its counsel but the Court does note that appellees were also remiss in their handling of this case.

---

**3.** The Court notes that the Eighth Circuit cited the *Tarnow* decision with approval in *Van Zee v. Hand County,* 1995 WL 91882 (8th Cir.1995). However, the Court does not rely on this Eighth Circuit decision as it is unpublished.