UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

In Re: LARRY DANE SMITH, II,
Debtor.

WILLIAM T. WARTHEN; HARRY J.
WARTHEN, III,
Plaintiffs-Appellants,

v.                                                          No. 00-1454

LARRY DANE SMITH, II,
Defendant-Appellee,

W. STEPHEN SCOTT, Trustee,
Trustee.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael Jr., Senior District Judge.
(CA-99-53-3, BK-98-2988)

Argued: December 7, 2000

Decided: January 10, 2001

Before WIDENER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

**ARGUED:** Peter Stone Partee, Jr., HUNTON & WILLIAMS, Rich-
mond, Virginia, for Appellants. C. Lamar Garren, SCOTT &

KRONER, P.C., Charlottesville, Virginia, for Appellee. **ON BRIEF:**
Benjamin C. Ackerly, Sharon P. Lamb, HUNTON & WILLIAMS,
Richmond, Virginia, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William T. Warthen and his father, Harry J. Warthen, III, appeal
from the adverse decision of the district court for the Western District
of Virginia. The Warthens contend that the court erred when, on
March 14, 2000, it awarded summary judgment to Larry Dane Smith,
II, by virtue of which the Warthens' judicial liens against Smith, a
Chapter 7 bankruptcy debtor, were voided. Finding no error, we
affirm.

I.

A.

The facts underlying this appeal are not in dispute. The judicial
liens at issue arose as a result of a civil lawsuit in the Circuit Court
of the City of Richmond. In that action, a jury, on June 30, 1998,
awarded judgments to the Warthens, and against Smith, in the sum of
$336,722.41. That lawsuit emanated from an automobile accident in
which Smith was at fault. The jury award included damages for per-
manent physical injury suffered by William, a minor at the time of the
accident, as well as incidental medical costs expended by his father.
The Warthens docketed their judgments in the land records of Flu-
vanna County, Virginia, on July 8, 1998, and thus obtained judicial
liens against Smith's real property and improvements located near
Palmyra, in Fluvanna County (the "Real Property").

Smith has an undivided one-half interest in the Real Property as a tenant-in-common. The Real Property's assessed value is $64,600, of which half may be said to have accrued to Smith; it is encumbered, however, by a first mortgage in the sum of $70,768.38. Consequently, Smith has no equity in the Real Property. The mortgage, for which Smith is jointly and severally liable, predates the judicial liens at issue.

B.

On September 30, 1998, Smith petitioned for Chapter 7 liquidation in the bankruptcy court for the Western District of Virginia. Thereafter, Smith filed a "Complaint to Set Aside Preferences," contending that the "preferential" transfer of estate assets to the Warthens in satisfaction of their liens was precluded by 11 U.S.C.§ 522(h). That subsection enables debtors to avoid the transfer of "property of the debtor" insofar as the debtor "could have exempted such property" under certain other provisions of the Bankruptcy Code.

In response, the Warthens moved to dismiss the Complaint as failing to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr. P. 7012(b). The Warthens asserted that, because Smith's complaint did not allege that he actually exempted the Real Property, Smith lacked standing under § 522(h) to avoid the liens.

Before the motion to dismiss could be heard, Smith filed an amended complaint, along with a "Motion to Avoid Judicial Liens." The latter was submitted pursuant to 11 U.S.C. § 522(f)(1), which provides that "the debtor may avoid the fixing of [certain judicial or other] lien[s] on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [federal or state law]." The motion and the amended complaint each sought alternative relief under 11 U.S.C. § 506(d) in the event that Smith would not prevail with respect to either § 522(f) or § 522(h). Section 506 provides, in pertinent part:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the

3

> estate's interest in such property . . . and is an <u>unsecured</u>
> claim to the extent that the value of such creditor's interest
> . . . is less than the amount of such claim.
>
> . . .
>
> (d) to the extent that a lien secures a claim against the debtor
> that is not an <u>allowed secured</u> claim, such lien is void. . . .

11 U.S.C. § 506 (emphasis added). With no factual issues to be resolved, the dispute centered exclusively on the proper application of the law. Each side moved for summary judgment, asserting that their interpretation was the correct one. <u>See</u> Fed. R. Bank. P. 7056; Fed. R. Civ. P. 56(c).

C.

By its Order and Memorandum Opinion of May 21, 1999 ("BR Op."), the bankruptcy court rejected Smith's arguments as to § 522(f) and § 522(h). The court, in agreement with the Warthens, determined that Smith could not avoid the liens under either subsection because he had failed to take the proper measures to perfect (or even claim) an exemption in the Real Property. Notwithstanding that the two subsections speak of exemptions to which Smith "would have" been entitled or that he "could have" otherwise taken, the court concluded that Smith was required to have actually exercised his exemption.[1]

_____

[1] According to the bankruptcy court, "The debtor, by not claiming an exemption on this property, has demonstrated his lack of interest in such an exemption. As he has shown no interest in obtaining an exemption, he should not have an interest in protecting one." BR Op. at 6. The court distinguished <u>Owen v. Owen</u>, 500 U.S. 305, 310-11 (1991) (holding that applicability of § 522(f) depends on whether lien impairs exemption to which debtor would have been entitled, rather than one to which the debtor is entitled in fact), on the ground that the debtor in <u>Owen</u> was precluded by state law from claiming the exemption. Smith's choice not to pursue an exemption in the Real Property was, by contrast, voluntary. On appeal, Smith has not argued that § 522 presents us with an alternative ground for affirmance; we therefore express no opinion as to the correctness of the bankruptcy court's ruling thereon.

4

The bankruptcy court nonetheless awarded summary judgment to Smith on the ground that the Warthens' liens were void under § 506(d). In so ruling, the court acknowledged the decision in <u>Dewsnup v. Timm</u>, 502 U.S. 410 (1992), in which the Supreme Court held that both the secured and unsecured portions of the type of claim referenced in § 506(a) are, in their totality, a"secured" claim within the meaning of § 506(d). <u>Id.</u> at 417. The Court concluded that, under the terms of the statute, the $120,000 lien on the debtor's property could not be partially voided -- "stripped down"-- to reflect its $39,000 value. In other words, a claim that is merely undersecured is still "secured" for the purposes of § 506(d); the attendant lien may only be voided if the claim is not "allowed." <u>Id.</u> at 415.**2**

The bankruptcy court distinguished the Supreme Court's holding in <u>Dewsnup</u>, concluding that § 506(d) indeed voided the Warthens' liens in their entirety because they were not merely undersecured, but "wholly unsecured." BR Op. at 12. Put another way, inasmuch as the amount of the senior lien created by the mortgage exceeds the value of the Real Property, there is nothing left to secure the Warthens' claims. Although the stripping down of a lien to some lesser amount is clearly prohibited by <u>Dewsnup</u>, the bankruptcy court discerned

---

**2** A claim is deemed "allowed" if proof thereof is timely filed pursuant to Code section 501, and: (1) no objection is made thereto; or (2) the bankruptcy court, after notice and a hearing, determines the validity of the claim notwithstanding the objection of a party in interest. 11 U.S.C. § 502. The lien-voiding mechanism of § 506(d), however, does not apply to claims disallowed merely because no proof has been filed. <u>See</u> 11 U.S.C. § 506(d)(2) (excepting from operation of statute liens evidencing any claim that "is not an allowed secured claim due <u>only</u> to the failure of any entity to file a proof of such claim under section 501 of this title") (emphasis added).

No proof of the claims at issue were filed by any party. The Warthens maintain that, by the terms of the aforementioned exception, such failure precludes the application of § 506(d) in this case. The lower courts rejected the Warthens' position on the ground that Smith's amended complaint challenging the liens was a suitable proxy for a proof of claim. We agree that the argument advanced by the Warthens does not carry the day, but we think the better rationale is that their claims cannot be classified as "allowed secured claims" not <u>only</u> because they were not "allowed," but <u>also</u> because they were not"secured," as detailed <u>infra</u>.

5

nothing in the Supreme Court's opinion that would preclude a worthless lien from being "stripped off" to effectuate the broad policy goals of the bankruptcy laws.**3**

D.

The Warthens appealed to the district court. <u>See</u> 28 U.S.C. § 158(a). By its Memorandum Opinion of March 14, 2000, the district court affirmed the judgment of the bankruptcy court, concluding that it "properly avoided appellants' judicial lien under 11 U.S.C. § 506(d)." Following the entry of the district court's judgment, the Warthens filed this appeal pursuant to 28 U.S.C. § 1291.

II.

We find ourselves in substantial agreement with the analysis and conclusions of the bankruptcy court, as seconded by the district court. Hence, except where explicitly noted herein, we are content to affirm the judgment below on the reasoning expressed by the lower courts in their memorandum opinions. <u>Smith v. Warthen</u> (<u>In re Smith</u>), No. 98-00093A (Bankr. W.D. Va., May 21, 1999); <u>Smith v. Warthen</u> (<u>In re Smith</u>), No. CA-99-53-3 (W.D. Va, Mar. 14, 2000).

<u>AFFIRMED</u>

_____

**3** In <u>Dewsnup</u>, the Supreme Court implicitly endorsed the view of the respondents therein that "the `fresh start' policy cannot justify an impairment of [the lienholders'] property rights." <u>Id.</u> at 416. In this case, however, the Warthens' rights are not significantly impaired; if the Real Property were sold at market value, all of the proceeds would be used to satisfy the mortgage debt. Nothing would be distributed to the Warthens.

6