UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

In Re: CHARLES C. ERON; LILA A.
ERON,
Debtors.

GENERAL ELECTRIC CAPITAL AUTO
LEASE,
Creditor-Appellant,

                                   No. 00-2343

v.

CHARLES C. ERON; LILA A. ERON,
Debtors-Appellees,

and

JOY S. GOODWIN, Chapter 13
Trustee,
Trustee-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-00-774-3-19, BK-97-9639)

Submitted: July 26, 2001

Decided: August 24, 2001

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

J. Ronald Jones, Jr., CLAWSON & STAUBES, L.L.C., Charleston, South Carolina, for Appellant. Paula M. McDonald, LESTER LAW FIRM, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

General Electric Capital Auto Lease ("GE Capital") appeals from the district court's order affirming the bankruptcy court's order denying its motion for relief from the automatic stay in bankruptcy. See 11 U.S.C.A. § 362(d) (West 1992 & Supp. 2000). We have previously granted the motion filed by the Debtors, Charles and Lila Eron, to submit this case on the briefs and we now vacate the district court's order and remand for further proceedings.

In March 1997, Charles Eron and John Eron signed an agreement to lease a 1997 Nissan truck from GE Capital. The lease agreement was "Closed-End with Guaranteed Fixed Price Purchase Option" and provided that the Erons would pay GE Capital twenty-four equal installments of $179.99, beginning in March 1997. At the end of the twenty-four months, the lessees, if not in default and upon notice, could purchase the vehicle for the stated residual value of $11,268.53. The title to the vehicle listed the owner as "GECAL INC % Eron Charles C."

Charles and Lila Eron filed a petition under Chapter 13 of the Bankruptcy Code in November 1997. The plan proposed by the Debtors and confirmed by the Bankruptcy Court provided for "[p]ayments of $282 or more per month to GE Capital until the net balance of claim plus 8.25% interest has been paid in full." No executory con-

2

tracts or unexpired leases were listed in the plan. In fact, the plan stated that "an executory contract or lease not specifically mentioned [] is treated as rejected."

GE Capital did not object to the plan. GE Capital's original and amended proofs of claim listed a secured claim of approximately $3100--the sum of the prepetition arrearages and the remaining sixteen payments due under the lease agreement. Pursuant to the plan and GE Capital's proof of claim, approximately $3100 was paid to GE Capital, paying the claim in full as filed.

In March 1999, the lease term expired. GE Capital subsequently sought--and the Erons refused--return of the vehicle. In October 1999, GE Capital moved for relief from the stay pursuant to § 362. The Erons objected to the motion, asserting that their plan had provided for payment of the full purchase price by proposing payment of $13,302 plus 8.25% interest over the fifty-seven month term of the plan.

The bankruptcy court denied the motion for relief from stay, reasoning that the plan "provided for" GE Capital's claim by making provision for its treatment and that the confirmed plan is entitled to res judicata effect. The court suggested that GE Capital could submit an additional proof of claim for the purchase option amount and recover the full value of the vehicle. Following the district court's affirmance of the bankruptcy court's denial of the motion for relief from stay, GE Capital noted its appeal.

In general, liens pass through bankruptcy unaffected. Dewsnup v. Timm, 502 U.S. 410, 418 (1992); Cen-Pen Corp. v. Hanson, 58 F.3d 89, 92 (4th Cir. 1995). Some affirmative act is required by the debtor in order to extinguish or modify "a lien or other interest in property." Fed. R. Bankr. P. 7001(2) (requiring the filing of an adversary "proceeding to determine validity, priority, or extent of a lien or other interest in property"); In re Deutchman, 192 F.3d 457, 460 (4th Cir. 1999). Here, all the Erons did was list GE Capital as a secured creditor and state that the claim would be paid in full with payments of $282 per month plus interest. There was no affirmative action taken to determine the extent of the Erons' interest in the truck. See Cen-Pen, 58 F.3d at 92 (requiring some affirmative step to alter extent of

3

lien or other interest in property). The Erons did not file a preconfirmation adversary proceeding hearing, did not object to GE Capital's proof of claim, which listed the amount of the claim as $3100, did not seek to value the claim, and did not undertake any affirmative step to modify the parties' interests under the agreement. See Deutchman, 192 F.3d at 460.

Although the bankruptcy court found--and the Erons now argue--that the confirmed plan is res judicata as to the treatment of GE Capital's claim, we disagree. Upon confirmation of a plan, property of the estate vests in the debtor "free and clear of any claim or interest of any creditor provided for by the plan." 11 U.S.C.§ 1327(b), (c) (1994). Thus, where the debtor has not taken affirmative action to avoid a creditor's lien or to change an interest in property, such interests pass through bankruptcy unaffected unless the plan "provides for" the interest. 11 U.S.C. § 1327(c). "As a general matter, a plan `provides for' a claim or interest when it acknowledges the claim or interest and makes explicit provision for its treatment." Cen-Pen, 58 F.3d at 94 (citing In re Work, 58 B.R. 868, 871 (Bankr. D. Or. 1986)). "In order to `provide for' a creditor for purposes of§ 1327(c), the plan must, at a minimum, clearly and accurately characterize the creditor's claim throughout the plan." Deutchman, 192 F.3d at 461 (Chapter 13 plan does not "provide for" a lien and thus eliminate the lien "simply by failing or refusing to acknowledge it or by calling the creditor unsecured.") (internal quotation marks omitted).

In this case, the Erons contend that they provided for GE Capital's claim by listing GE Capital in the plan and agreeing to pay $282 per month plus interest until GE Capital's claim was paid in full. However, the Erons did not characterize GE Capital's interest in the truck as a lease, did not provide notice to GE Capital that they intended to exercise their option to purchase the truck, and did not state in the plan the value of GE Capital's claim. We conclude that the bankruptcy court erred in determining that the Erons' plan provided for GE Capital's claim. Contrary to the bankruptcy court's findings, the plan did not state the total amount that was to be paid to GE Capital under the plan.

In Cen-Pen, the plan did not mention or otherwise acknowledge Cen-Pen's liens, and thus did not "provide for" treatment of the liens

4

or full payment of the underlying claim. <u>Cen-Pen</u>, 58 F.3d at 94. Similarly, the Erons' plan--by not characterizing the interest of GE Capital, not stating the amount of the claim, and not otherwise notifying GE Capital of their intent to convert the lease-purchase agreement to a financing agreement--did not provide for GE Capital's claim. Therefore, contrary to the bankruptcy court's conclusion, upon confirmation of the plan and completion of the relevant terms of the plan, the truck did not vest in the Erons free and clear of GE Capital's claim or interest. <u>See</u> 11 U.S.C. § 1327(b), (c).

Having reviewed the briefs, the joint appendix, and the opinions below, we deny GE Capital's motion for reconsideration of the order granting the motion to submit on briefs, and we vacate the decision of the district court and remand for proceedings consistent with this opinion.

<u>VACATED AND REMANDED</u>

5