**In re Richard HAMLETT, Debtor.**

**Richard Hamlett, Plaintiff,**

v.

**Amsouth Bank, Defendant.**

**Bankruptcy No. 7–98–02653.**
**Adversary No. 7–00–00196.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Feb. 4, 2002.

Gary M. Bowman, Roanoke, VA, for Richard Hamlett.

Matthew D. Huebschman, Roanoke, VA, for Amsouth Bank.

Evelyn K. Krippendorf, Roanoke, VA, trustee.

## DECISION and ORDER

ROSS W. KRUMM, Chief Judge.

On October 23, 2000, the debtor commenced this adversary proceeding to determine and avoid the lien of Amsouth Bank. The debtor argues that the creditor's liens are void pursuant to 11 U.S.C. § 506(d) because claim numbers 3, 4, 30, 31, 42, 44, and 45 were filed and subsequently disallowed by the court. On June 21, 2001, the court entered an order directing the parties to file agreed stipulations of fact by June 29, 2001, the debtor to file a brief in support of the motion to avoid lien by July 31, 2001, and the creditor to file a brief in opposition by August 31, 2001. The order further stated that either party could request oral argument; otherwise, the matter would be decided on the briefs. Neither party requested oral argument and the matter is ripe for decision.

## BACKGROUND

The Stipulation of Facts show that the following seven claims were filed by Amsouth Bank, or its predecessor in interest, in the debtor's bankruptcy case:

Claim Numbers—

3: Secured by valid deed of trust on real estate located at 3525 Peters Creek Road, Unit 501, Roanoke, Virginia. The claim was filed on August 10, 1998.

4: Secured by valid deed of trust on real estate located at 3525 Peters Creek Road, Unit 207, Roanoke, Virginia. The claim was filed on August 10, 1998.

30: Secured by valid deed of trust on real estate located at 34 Dalewood Avenue, Salem, Virginia. The claim was filed on June 14, 1999.

31: Secured by valid deed of trust on real estate located at 28 Dalewood Avenue, Salem, Virginia. The claim was filed on June 14, 1999.

42: Secured by valid deed of trust on real estate located at 34 Dalewood Avenue, Salem, Virginia. The claim was filed on March 14, 2000.

44: Secured by valid deed of trust on real estate located at 28 Dalewood Avenue, Salem, Virginia. The claim was filed on May, 11, 2000.

45: Secured by valid deed of trust on real estate located at 34 Dalewood Avenue, Salme, Virginia. The claim was filed on June 29, 2000.

Upon the trustee's objection, claim numbers 3 and 4 were disallowed because subsequent claims were filed for the same accounts, specifically claims 28 and 29. Claims 28 and 29 were allowed as secured, but disallowed on motion of the trustee for distribution purposes because the claims were filed after the bar date. Claims 30 and 31 were likewise disallowed because they were filed late, per the trustee's motion. On July 12, 2000, Claim 42 was disallowed as requested by the trustee because it, too, was filed after the bar date; however, claim 42 was withdrawn by an order entered on June 28, 2000. The trustee also objected to claim 44 as untimely filed, but no order was entered relating to the objection. Claim 45 was not objected to and no order was entered either allowing or disallowing the claim.

The debtor argues that the creditor did not timely file any claims. The debtor contends that each claim filed by the creditor has been objected to and disallowed.[1] The debtor concedes that the objections bore on the timeliness of the claims, and not whether the claims were secured. The debtor argues, however, that late-filed claims are not allowable absent a showing of excusable neglect and cites Bankruptcy Rule 3002(c) and *Pioneer Investment Ser-*

*vices Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). To this end, the debtor asserts that the creditor has taken no steps to extend the claims filing deadline or to show excusable neglect; thus, according to the debtor, the creditor does not hold any allowed or allowable claims, and 11 U.S.C. § 506(d) voids the liens of these claims that are not allowed.

The debtor's arguments are misplaced and without merit. The allowability of the claims is not before the court and the *Pioneer* case is inapplicable to the issue *sub judice.*[2] The issue here is whether the creditor's liens should be voided because the claims were filed late.

## DISCUSSION

■ As a general rule, liens pass through bankruptcy unaffected. "[A] bankruptcy discharge extinguishes only *in personam* claims against the debtor, but generally has no effect on an *in rem* claim against the debtor's property." *In re Deutchman,* 192 F.3d 457, 460 (4th Cir. 1999) (quoting *Cen–Pen Corp. v. Hanson,* 58 F.3d 89, 92 (4th Cir.1995)). A debtor can successfully modify a lien if it takes "some affirmative step toward that end." *In re Deutchman,* 192 F.3d at 460. One step a party may take is to file a compliant to seek the avoidance of the lien pursuant to a statutory provision in the Bankruptcy Code. *Id.* at 460.

■■ The provision relied on by the debtor to avoid the lien is 11 U.S.C. § 506,

---

**1.** Contrary to the debtors argument, the Stipulation of Facts indicate that claim number 45 was not objected to and no order was entered bearing on that claim. The court will treat claim 45 as set forth in the parties' stipulations despite the debtor's argument that an objection to the claim was filed.

**2.** The debtor proffered that he would file objections under Bankr.R. 3007 to raise the issue regarding the allowability of the claims. To date, nearly six months after debtor's brief was filed, there is no indication that such an objection was made. The court will proceed to adjudicate the matter as presently constituted.

which states "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." This section of the bankruptcy code was intended to limit a creditor's security to the value of the property. *See In re Blankenship*, 258 B.R. 637, 641 (E.D.Va. 2001). In the footnote of an unpublished opinion, the Fourth Circuit stated that

> "[a] claim is deemed 'allowed' if proof thereof is timely filed pursuant to Code section 501, and: (1) no objection is made thereto; or (2) the bankruptcy court, after notice and a hearing, determines the validity of the claim notwithstanding the objection of a party in interest. 11 U.S.C. § 502. The lien-voiding mechanism of § 506(d), however, does not apply to claims disallowed merely because no proof has been filed. *See* 11 U.S.C. § 506(d)(2) (excepting from operation of statute liens evidencing any claim that 'is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title' ").

*In re Smith*, 1 Fed.Appx. 178, 181 n. 2, 2001 WL 22918, *2 (4th Cir.2001).[3] In this case, although the debtor objected to the claims, the objections were admittedly premised on the fact that the claims were filed late, and not because the claims are otherwise invalid. The court does not find that lien avoidance is warranted merely because the proof of claim was filed late.

The Seventh Circuit addressed this issue in the case entitled *In re Tarnow*, 749 F.2d 464 (7th Cir.1984). Writing for the court, Judge Posner, stated the issue on appeal was whether the creditor's lien was properly extinguished by the bankruptcy court solely because the creditor filed a late proof of claim. The court recognized that the creditor's claim "was rejected for no other reason than that it was late, and this ground of rejection does not call into question the validity of the lien." *Id.* at 465. The court discussed a variety of possible avenues by which a court could determine a lien to be invalid and avoid the lien under § 506(d), including, proof that the loan had never been made, or that the loan had been repaid, or that the loan was usurious. In other words, lien avoidance under § 506(d) is proper when the court finds that there had been no legally enforceable obligation to the creditor. *See id.* The *Tarnow* court specifically rejected the debtor's argument that since the untimely filed claim was disallowed, it could be voided under § 506. Instead, the court stated that the intended meaning of § 506(d) "was to allow the bankruptcy court to determine whether a creditor has a valid secured claim, and if he does not to make the lien—the security—fall with the claim." *Id.* at 466.

■ The *Tarnow* decision is persuasive to this court and the debtor has not provided the court with any cogent argument or persuasive case law to the contrary. The Fourth Circuit has not decided this precise issue, but the court notes that it approvingly cited *Tarnow* in *Cen–Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995). Judge Heaney also discussed the case in his dissent, wherein he stated "[t]he question in *Tarnow* was whether a lien is lost if there is a late filing, and the

---

**3.** In *Smith*, the Fourth Circuit affirmed the bankruptcy court's avoidance of a lien under 11 U.S.C. § 506(d). The debtor filed an complaint seeking to avoid a lien because it was wholly unsecured. In that case, a senior lien created by a prior mortgage exceeded the value of the property; thus, there was nothing left to secure the junior creditor's claim. The Fourth Circuit found that *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) did not prevent the bankruptcy court from finding that a completely unsecured claim was not a secured claim allowed under 506(a); hence, it was avoidable.

court said no." *Cen–Pen,* 58 F.3d at 95. *See also In re Be–Mac Transp. Co.,* 183 B.R. 563, 564 (E.D.Mo.1995) (holding that 506(d) does not allow a lien to be extinguished for failure to timely file a proof of claim). The courts have long recognized that § 506(d)(2) was enacted to allow a creditor to ignore bankruptcy proceedings and look to its lien to satisfy the debt; this fact further convinces this court that liens are voided under § 506 because they are found to be, in substance, invalid, not because mere proof thereof was filed late.

Accordingly, it is

## ORDERED:

That the complaint/motion to avoid liens is DENIED and DISMISSED. It is

## FURTHER ORDERED:

That claim number 44 is allowed as secured but disallowed for purposes of distribution because it was not timely filed.