In re Charles Ernest HELMICK and Marcese Elline Helmick, Debtors.

Marcese Elline Helmick, Plaintiff.

v.

Gary Gray, Defendant.

Bankruptcy No. 09–50244.
Adversary No. 09–05015.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

July 9, 2009.

Roland S. Carlton, Jr., Staunton, VA, for Plaintiff.

Gary Gray, Roanoke, VA, pro se.

## ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District this *9th* day of July, 2009:

Before the Court is the Plaintiff's Motion to Reconsider, Vacate and Set Aside Order Entered June 22, 2009. The Plaintiff argues that the Court is bound by *Warthen v. Smith (In re Smith)*, 247 B.R. 191 (W.D.Va.2000), *aff'd*, 1 Fed.Appx. 178 (4th Cir.2001) (unpublished table decision), *cert. denied*, 532 U.S. 1052, 121 S.Ct. 2194, 149 L.Ed.2d 1025 (2001), to avoid the Defendant's wholly unsecured judgment lien pursuant to 11 U.S.C. § 506(d). This Court disagrees.

The rationale in the Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), as extended by the Fourth Circuit in *Ryan v. Homecomings Financial Network*, 253 F.3d 778, 782 (4th Cir.2001), and *In re Hamlett*, 322 F.3d 342, 348 (4th Cir.2003), controls in this case. The Supreme Court in *Dewsnup* denied "strip down" of an undersecured consensual lien, emphasizing that "liens pass through bankruptcy unaffected." *Dewsnup*, 502 U.S. at 417–18, 112 S.Ct. at 778. The Fourth Circuit applied the *Dewsnup* rationale to deny a debtor's attempt to "strip off" a wholly unsecured lien in *Ryan*. 253 F.3d at 782.[1] In *Hamlett*, the Fourth Circuit adopted the Seventh Circuit's reasoning in *In re Tarnow*, 749 F.2d 464 (7th Cir.1984), agreeing that " § 506(d) only empowers the bankruptcy court to void liens supporting disallowed claims if it judges those liens to be invalid *in substance*." *Hamlett*, 322 F.3d at 348 (emphasis added). In this case, the Plaintiff advocates that the Defendant's judgment lien is disallowed under § 506(a) because it is wholly unsecured and is therefore voidable under § 506(d). The Defendant's lien, however, is properly perfected and valid in substance. Pursuant to the Fourth Circuit's holdings in *Ryan* and *Hamlett*, the Plaintiff may not "strip off" the Defendant's valid unsecured lien under § 506(d).

This Court acknowledges that the Fourth Circuit in *Ryan* denied "strip off" in the limited context of a wholly unsecured, consensual lien. The *Ryan* decision does not explicitly prohibit "strip off" of an unsecured judgment lien, however, the Fourth Circuit expressly noted that the Western District's decision in *Warthen* is at odds with *Dewsnup*, despite the fact that *Dewsnup* "remains the law of the land." *Ryan*, 253 F.3d at 783 (citation and internal quotation marks omitted). Reading *Ryan* together with *Hamlett*, this Court finds that later Fourth Circuit precedent repudiates the Western District's holding in *Warthen* that would permit a bankruptcy court to "strip off" an unsecured judgment lien. This Court is therefore not bound to follow *Warthen*. Accordingly, it is:

### ORDERED:

That the Plaintiff's Motion to Reconsider is hereby **DENIED**.

Copies of this Order are directed to be sent to counsel for the Plaintiff, Roland S. Carlton, Jr., Esq.; and to the Defendant, Gary Gray, 1024 15th Street, Roanoke, VA 24013.

---

1. "The term 'strip down' is used when a [lien] is partially secured and partially unsecured, while the term 'strip off' is used when a junior [lien] is totally unsecured." *Ryan v. Home-comings Financial Network*, 253 F.3d 778 (4th Cir.2001) (internal quotation marks and citation omitted).