**In re Charles Ernest HELMICK, Marcese Elline Helmick, Debtors**

**Marcese Elline Helmick, Plaintiff**

**v.**

**Gary Gray, Defendant.**

**Bankruptcy No. 09–50244–7.
Adversary No. 09–05015.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

July 9, 2009.

Roland S. Carlton, Jr., Staunton, VA, for Debtors and Plaintiff.

Gary Gray, Roanoke, VA, pro se.

### ORDER VACATING ORDER DATED JULY 9, 2009

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District this 29th day of August, 2009.

On July 9, 2009, this court entered an order in the above-captioned adversary proceeding (docket entry number 11), denying the plaintiff's motion to reconsider, vacate and set aside this court's order dated June 22, 2009 (docket entry number 7)(herein the Motion to Reconsider).[1]

Subsequent to the entry of the order denying the plaintiff's Motion to Reconsid-

---

account or other property titled in the name of Choosing Hope is actually property of the estate.

**1.** The order denying plaintiff's Motion to Reconsider, vacate and set aside order dated

er, the debtor moved, in the main case, (case number 09–50244) to void the judgment lien of the defendant in the above-captioned adversary proceeding pursuant to 11 U.S.C. § 522(f)(1)(A). Based upon the uncontested facts set forth in the motion to avoid lien, the court found sufficient cause to void the judgment lien of defendant, Gary Gray.[2]

In view of the court's voiding of the judgment lien under 11 U.S.C. § 522(f)(1)(A), the court has reviewed its order in the above-captioned adversary proceeding dated July 9, 2009, and finds that it would be appropriate to vacate the order as moot.[3] Accordingly, it is

### ORDERED:

That this court's order dated July 9, 2009, in the above-captioned adversary proceeding be, and it hereby is **VACATED.**

Copies of this order are directed to be sent to Roland S. Carlton, Jr., Esquire, counsel to the plaintiff.

June 22, 2009, is found at 406 B.R. 739 (Bankr.W.D.Va.2009).

2. See, case number 09–50244, docket entry number 29.

3. In particular, the court has reviewed its analysis of the impact of *Ryan v. Homecom-*
*ings Financial Network*, 253 F.3d 778, (4th Cir.2001), on *Warthen v. Smith (In re Smith)*, 247 B.R. 191 (W.D.Va.2000), *aff'd.* 1 Fed. Appx. 178 (4th Cir.2001) (unpublished table decision), *cert. denied.* 532 U.S. 1052, 121 S.Ct. 2194, 149 L.Ed.2d 1025 (2001).