**In re Eric Curtis ABNER, Angela Y. Abner, Debtors.**

**Bankruptcy No. 99–00482–RRS–13.**

United States Bankruptcy Court,
M.D. Alabama.

May 18, 1999.

Charles G. Reynolds, Jr., Lanett, AL, for Debtor.

Sabrina L. McKinney, Montgomery, AL, for Chapter 13 Trustee.

## OPINION ON TRUSTEE'S OBJECTION TO CONFIRMATION

RODNEY R. STEELE, Bankruptcy Judge.

At Opelika, Alabama on May 13, 1999, the court called this case for confirmation hearing.[1]

Trustee objects to confirmation of debtors plan based upon the net disposable income test of Title 11, section 1325, United States Code for debtors future receipt of projected tax refunds.

Debtors assert trustee cannot require them to commit tax refunds received by them within the first 36 months of plan as supplemental payment.

### STATEMENT OF THE CASE

Debtors, Mr. And Mrs. Abner, live in Lafayette, Alabama. Mr. Abner works for Amoco Fabric and Fibers and brings home some $18,000 a year. Mrs. Abner works for Plantation Patterns and brings home some $12,000 a year. They have two children, ages 4 and 6. On January 29, 1999 debtors filed for relief under Chapter 13 of the Bankruptcy Code.

During the second week of February 1999, debtors received a $3,800 tax refund. Debtors claimed the return as exempt under section 6–10–6 of the Code of Alabama. Testimony given by debtors at the section 341 Meeting of Creditors held March 2, 1999, revealed they currently earn the approximate rate of income as received over the past years in which tax refunds, akin to the amount here, were received.

1. This case was called March 17, 1999 at 9:30 a.m., Opelika, Alabama, and continued to May 13, 1999 for submission of briefs on the objection to confirmation.

Debtors plan proposes to pay 25% of unsecured claims over a period of 55 months. Trustee asserts debtors ought to offer more to unsecured creditors because debtors have the same income they have had for the past several years and, therefore, are going to receive roughly the same amount of tax refund during the pendency of the plan.

Debtors disagree with trustee's assertion.

## ISSUE

Whether debtors may be required to commit tax refunds received during pendency of the plan either by remitting the refund check to trustee or increasing the amount paid to unsecured creditors where the plan offers less than 100% to unsecured creditors.

## CONCLUSIONS

Trustee's objection to confirmation of debtors plan is premised on the net disposable income test of Title 11, section 1325(b)(1)(B), United States Code. That section requires that debtors "projected disposable income to be received in a three-year period ... be applied to make payments under the plan."

The bankruptcy code defines "disposable income" for purposes of Chapter 13 as follows: income which is received by the debtor and which is not reasonably necessary to be expended—(A) for the maintenance or support of the debtor or a dependent of the debtor; .... 11 U.S.C. § 1325(b)(2)(A). Further, the statute states:

[i]f the trustee or the holder of an allowed unsecured claim objects to confirmation of the plan, then the court may not approve the plan unless ...

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Trustee offers two (2) remedies in order for debtor's plan to be confirmed: (1) Debtors be required to pay [to the plan] their tax returns received over the next 36 months; or (2) Debtors modify their plan to pay 100% to unsecured creditors.

█ Counsel for debtor, among other authority, cites *In re Red,* 60 B.R. 113, (Bkrtcy.E.D.Tenn.1986), overruled, *In re Minor,* 177 B.R. 576 (Bkrtcy.E.D.Tenn. 1995), for the proposition that debtor may exempt their tax refund. Trustee is not here seeking to attack debtor's claim of exemption for the 1998 tax refund, but *is* objecting to confirmation of a plan that does not commit projected disposable income, over and above exemptions, to plan payments. By debtors counsel's own admission, "[A] debtor may exempt their tax refund, but any non-exemptible amount would constitute part of the debtor's disposable income." (See also *Freeman v. Schulman (In re Freeman),* 86 F.3d 478 (6th Cir.1996)).

Based upon reasonable inspection of debtors income history and tax refunds, projected disposable income over the next 36 months will contain similar tax refunds. Any material change in projected disposable income over the life of the plan will surely be remedied by appropriate plan modification.

█ As trustee points out in ·*In re Heath,* 182 B.R. 557 (9th Cir. BAP 1995), "demonstrating ... debtor has consistently received a tax refund under similar withholding ... and income ... would be sufficient to shift the burden to the debtor to show no tax refund is projected." (See also *Anderson v. Satterlee,* 21 F.3d 355 (9th Cir.1994)).

Debtors have not met that burden. Trustee's objection is based upon reasonable grounds set forth under section 1325.

An appropriate order will enter.

## ORDER ON TRUSTEE'S OBJECTION TO CONFIRMATION

At Opelika, Alabama on May 13, 1999, the court called this case for hearing on confirmation of the plan.

Trustee objects to confirmation of debtors plan based upon the net disposable income test of Title 11, section 1325, United States Code for debtors future receipt of projected tax refunds.

Debtors assert trustee cannot require them to commit tax refunds received by them within the first 36 months of plan as supplemental payment.

After consideration of the case, pleadings, case file and applicable law, and as referenced by this court's written opinion entered in this case, the court finds and concludes that the objection to confirmation filed by trustee is due to be and the same is hereby

**ORDERED SUSTAINED** and the plan is **CONFIRMED** with this **PROVISO:** That debtors plan is modified to provide 100% to unsecured creditors.