In re David Ogle MIDKIFF and Anita Joyce Midkiff, Debtors.

David Ogle Midkiff and Anita Joyce Midkiff, Appellants,

v.

Sharon A. Dunivent, Trustee, Appellee.

BAP No. WY–01–032.
Bankruptcy No. 98–20023.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Jan. 7, 2002.

Georg Jensen of Law Offices of Georg Jensen, Cheyenne, WY, for Appellants.

James R. Belcher of Holland & Hart, LLP, Cheyenne, WY, for Appellee.

Before BOULDEN, CORNISH, and KRIEGER, Bankruptcy Judges.

## OPINION

CORNISH, Bankruptcy Judge.

This is an appeal from two orders of the Bankruptcy Court: the Order Denying Debtors' Motion to Reclaim Debtors' Property from the Trustee and the Order Granting Trustee's Request to Vacate Order Discharging Debtor for Limited Purpose of Collecting and Disbursing Federal Income Tax Refund. For the reasons set forth below, we AFFIRM.

## BACKGROUND

The Debtors filed for relief under Chapter 13 of the Bankruptcy Code on January 8, 1998, and attended their § 341 meeting on February 9, 1998. The Debtors filed plans that proposed payments over at least thirty-six (36) months. On May 6, 1998, an order was entered confirming the second plan. The Second Amended Chapter 13 Plan provided:

C. For purposes of determining disposable income, tax refunds to which the debtor(s) is *entitled* during the first 36 months of the plan are deemed disposable income unless otherwise ordered by the court and will be submitted to the chapter 13 trustee.

Second Amended Chapter 13 Plan ¶ 1(C)(emphasis added), *in* Appellee's Supplemental Appendix at 9. Further, the order confirming the plan also provided:

For purposes of determining disposable income, income tax refunds to which the debtors are *entitled* during the first 36 months of the plan are deemed disposable income, unless otherwise ordered by the court, and will be submitted to the chapter 13 trustee, subject to any setoff rights of the Internal Revenue Service.

Order Confirming Chapter 13 Plan at 1 (emphasis added), *in* Appellee's Supplemental Appendix at 13.

On March 6, 2001, the Trustee sent a letter to the Debtors to inform them that $285.92 was needed to complete their Chapter 13 plan. The Trustee received the final payment, and on April 4, 2001, the Trustee filed her Certificate of Completion. On April 20, 2001, the Trustee filed her Final Account and Petition for Final Decree. On April 24, 2001, the Court entered the Debtors' Discharge. On that same date, the Trustee filed a Revocation of her Certificate of Completion stating that after the Trustee filed her Certificate, she received the Debtors' 2000 tax refund.

The Debtors filed a traverse to the revocation and filed a motion to reclaim the Debtors' property from the Trustee.

After a telephonic hearing, the Bankruptcy Court found, on the motion to reclaim Debtors' property from Trustee, that the tax refund resulted from the income of the Debtors during the three-year period following the § 341 meeting and according to the Debtors' plan, the tax refund was disposable income required to be applied to the Debtors' plan payments. The Bankruptcy Court denied the Debtors' motion. The Bankruptcy Court then granted the Trustee's request to vacate the Order Discharging the Debtors to allow the Trustee to collect and disburse the income tax refund in accordance with the Chapter 13 plan. This appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has, with the consent of the parties, jurisdiction to hear appeals from final judgments and orders of the Bankruptcy Courts within the circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). Since neither party has opted to have this appeal heard by the District Court of the District of Wyoming, each is deemed to have consented to the jurisdiction of the Bankruptcy Appellate Panel. 10th Cir. BAP L.R. 8001-1(d).

■ "[D]ecisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo* ), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The parties do not dispute the facts, and thus, we review this question of law de novo, applying the same legal standards used by the Bankruptcy Court. *Hollytex Carpet Mills, Inc. v. Okla. Employment Sec. Comm'n*

*(In re Hollytex Carpet Mills, Inc.),* 73 F.3d 1516, 1518 (10th Cir.1996).

## DISCUSSION

The issue in this appeal is whether the Trustee was entitled to collect and disburse the Debtors' 2000 tax refund. The Bankruptcy Court vacated the Debtors' Discharge to allow the Trustee to disburse the Debtors' 2000 tax refund.

■ First, this Court must address whether the Bankruptcy Court can vacate the Debtors' Discharge by motion. The Debtors argue that Fed. R. Bankr.P. 7001(4) requires the Trustee to file an adversary proceeding. Additionally, the Debtors argue that pursuant to 11 U.S.C. § 1328(e), the burden of proof is on the party seeking revocation and that the only cause for revocation is for fraud by the debtor in obtaining the discharge. The Trustee, however, relies on Fed. R. Bankr.P. 9024, incorporating Fed.R.Civ.P. 60(b), which allows the Bankruptcy Court to vacate a final order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b); Fed. R. Bankr.P. 9024.

Section 1328(a) requires a discharge to be granted after the completion by the debtor of all payments under the plan. Revocation of a discharge requires an adversary proceeding. Fed. R. Bankr.P. 7001(4). However, some courts have determined that discharge orders may be vacated pursuant to Fed. R. Bankr.P. 9024 due to clerical errors or mistakes. *E.g., In re Cisneros,* 994 F.2d 1462 (9th Cir.1993); *In re Stovall,* 256 B.R. 490, 492 n. 2 (Bankr.N.D.Ill.1999); *In re Mosby,* 244 B.R. 79, 90-91 (Bankr.E.D.Va.2000); *In re Jones,* 111 B.R. 674, 680 (Bankr.E.D.Tenn. 1990) (Chapter 7 discharge may be re-

voked pursuant to Fed.R.Civ.P. 59(e) and 60(b)). The *Cisneros* court noted: "it is by no means apparent that the debtor should be permitted to invoke any rights established by section 1328(e) given that they never satisfied the statutory requirements for earning such rights." *Cisneros*, 994 F.2d at 1465–66. In determining whether § 1328(e) and Rule 9024 were in conflict, the court noted:

> A Chapter 13 debtor's right to have his discharge revoked only for fraud (and not on general equitable grounds or for some reason that would justify revocation of a Chapter 7 discharge) is in no way infringed when a court vacates an order of discharge entered by mistake.

*Id.* at 1466. The court found that Rule 60(b) was intended to reach a "mistake" or "inadvertence" as when the court has not been apprised of all the facts. *Id.* Other courts have limited the *Cisneros* holding to the proposition that a court has the inherent power to correct its own mistakes. *Ford v. Ford (In re Ford)*, 159 B.R. 590, 593 (Bankr.D.Or.1993); *see also In re Daniels*, 163 B.R. 893, 897 (Bankr.S.D.Ga. 1994); *United States v. Trembath (In re Trembath)*, 205 B.R. 909, 914 (Bankr. N.D.Ill.1997). In this case, the court was not made aware of all the facts, i.e., that the Debtors were entitled to a tax refund for the 2000 tax year prior to the entry of the Debtors' discharge. This is the kind of mistake contemplated by Rule 60(b). Thus, the Bankruptcy Court did not err in vacating the Debtors' discharge pursuant to Fed. R. Bankr.P. 9024.

■ The Debtors next argue that the Bankruptcy Court erred in determining that the Trustee was entitled to their 2000 tax refund. The plan and the order confirming the plan specifically provide that tax refunds to which the Debtors are entitled during the first thirty-six (36) months of the plan are deemed disposable income and are to be submitted to the Chapter 13 Trustee. A confirmed plan is binding on debtors and creditors. 11 U.S.C. § 1327(a). A debtor's right to a federal income tax refund arises at the end of the tax year and not on the day of the filing of the tax return. *In re Glenn*, 207 B.R. 418, 420 (E.D.Pa.1997); *In re Haizlett*, 261 B.R. 393, 395 (Bankr.W.D.Pa.2000). The date on which all events necessary to establish the tax liability have occurred is the date in which the taxpayer's refund claim arises. *Glenn*, 207 B.R. at 421. The court in *Glenn* held:

> For the purposes of § 553 setoff, a tax refund arises at the end of the taxable year to which it relates, and not when the right of refund is claimed by the debtor/taxpayer. *In re Rozel*, 120 B.R. at 951. This rule prevents a debtor from changing his right to a tax refund into a post-petition claim merely by filing his federal income tax return after the filing of the bankruptcy case.

*Id.* at 422. The Debtors, in their Reply Brief, state: "the tax refund in this case is not property of the estate. There is no dispute that it arose from payment of estimated taxes well after the petition was filed." Reply Brief of the Appellant at 4. In fact, the income earned by the Debtors that generated the necessity to make estimated tax payments was received during the plan. Section 1306 defines property of the estate in Chapter 13 as follows:

> (a) Property of the estate includes, in addition to the property specified in section 541 of this title—

> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a). The case was not closed when the Trustee received the tax refund, and thus, it was still property of the estate.

The Debtors argue § 1325(b)(1)(B) prohibits a trustee from recovering the 2000 tax refund. This Court notes that § 1325 applies to standards of confirmation, and the plan in this case has been confirmed. Section 1325(b)(1)(B) provides:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

. . . .

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b)(1)(B).

■ The Debtors' position is that the 2000 tax refund was not "projected." This argument is without merit. The language of the Debtors' Second Amended Chapter 13 Plan provides: "tax refunds to which the debtor(s) is entitled during the first 36 months of the plan are deemed disposable income...." Second Amended Chapter 13 Plan ¶ 1(C), *in* Appellee's Supplemental Appendix at 9. The Plan further provides:

The debtor(s) will make payments for a period of 41 months or extended as necessary for a period of *up to 60* months. The debtor(s) request(s) that the plan be confirmed to so extend the payments

and show the court the following cause for the extension: *the debtors' projected net disposable income, including receipt of projected tax refunds; is insufficient to pay all required plan payments, including the pro-rata sum required to be paid to general unsecured creditors in class 7 and therefore the debtors propose that the plan be extended as necessary, up to 60 months, until all classes receive the payment proposed under their class treatment herein, including the sum set forth in Class 7.*

*Id.* ¶ 2. Debtors must include all disposable income in their Chapter 13 plan, including tax refunds where debtors have had a history of income tax refunds. *In re Abner,* 234 B.R. 825, 826 (Bankr.M.D.Ala. 1999). To hold otherwise would allow debtors to manipulate the system by filing tax returns after completion of the plan and therefore avoid payment to creditors. Clearly, the 2000 tax refund was projected as disposable income.

Next, the Debtors argue they were not entitled to the 2000 tax refund during the first three years of their plan. The Court has already discussed that the Debtors were entitled to the tax refund at the end of the tax year—December 31, 2000, which was during the first 36 months of the plan.

The Debtors also argue that the 2000 refund was not received during the first three years of the plan and therefore is not disposable income pursuant to § 1325(b)(1)(B). The Trustee admits that § 1325(b)(1)(B) states the debtor's projected disposable income should be "received in the three-year period...." 11 U.S.C. § 1325(b)(1)(B). However, the Trustee believes that the Bankruptcy Court's concerns have merit. The Bankruptcy Court explained:

Now, the key here that I see is when the money is earned and the period it is being withheld from, not the date that

the tax refund is issued back or regurgitated by the IRS, it would give, I think, an unbelievable amount of ability for a debtor to plan to withhold—to do all kinds of things that would be counter to the basis, and that is that all disposable income be used during that period of time.

Transcript of Hearing at 12–13, *in* Appellant's Appendix at 19–20. The monies received from the 2000 tax refund are attributable to monies earned during the first 36 months of the plan. The Tenth Circuit and the Tenth Circuit Bankruptcy Appellate Panel have both ruled, in Chapter 7 cases, that the portion of the tax refund attributable to the pre-petition portion of the taxable year is property of the estate. *See In re Barowsky*, 946 F.2d 1516 (10th Cir. 1991); *In re Christie*, 233 B.R. 110 (10th Cir. BAP 1999). If the Debtors are required to receive the income tax refund during the first 36 months even when the plan provides for disposable income to which the Debtors are entitled during the first 36 months, including income tax refunds, the Debtors would be able to control the amount of disposable income by choosing the filing date of their tax returns. There would be no prohibition against the Debtors excluding their income tax refund by not filing their return until the expiration of the first 36 months. The court in *Glenn* was also concerned with a similar situation in the context of a setoff pursuant to 11 U.S.C. § 553. *Glenn*, 207 B.R. at 422. The right to the Debtors' income tax refund arose during the first 36 months of the plan and therefore is included as disposable income. Had the estimated tax payments been correct, the Debtors would have paid this disposable income during the first 36 months. Thus, the 2000 tax refund should be distributed by the Trustee.

Lastly, the Debtors argue that the Trustee is attempting to modify the Chapter 13 Plan pursuant to § 1329. However, the Trustee is not modifying the plan, but seeking to enforce the provisions of an already confirmed plan.

### CONCLUSION

For the reasons set forth above, the Bankruptcy Court's order is

AFFIRMED.